Filed 9/16/21  P. v. Moore CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

|  |  |
|---|---|
| THE PEOPLE, | B311007 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA029029) |
| v. | |
| WILLIAM MOORE, JR., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan C. Dominguez, Judge.  Affirmed.

William J. Capriola, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In 1996, a jury found defendant William Moore, Jr. guilty of first degree murder (Pen. Code, § 187, subd. (a))[1] and first degree robbery (§ 211). The jury also found true the allegations that defendant committed the murder while engaged in the commission of a robbery (§ 190.2, subd. (a)(17)) and that defendant personally used a firearm in the commission of both those offenses (§ 12022.5, subd. (a)). The trial court sentenced defendant to life imprisonment without the possibility of parole.

On June 22, 1998, a prior panel of this Division affirmed defendant's conviction in an unpublished opinion. (*People v. Moore* (June 22, 1998, B114225) [nonpub. opn.].)

On May 7, 2020, defendant filed a petition to vacate his murder conviction and for resentencing pursuant to section 1170.95.[2] On June 30, 2020, the trial court appointed counsel to represent defendant.

On November 4, 2020, the District Attorney filed a response to defendant's petition, arguing that the court should deny the petition because defendant was the actual killer and thus ineligible for relief under section 1170.95.

On December 10, 2020, defendant, through counsel, submitted a brief requesting that the trial court issue an order to show cause.

On December 11, 2020, the trial court set a hearing on defendant's petition, which was heard on January 27, 2021. At

---

[1]     All further statutory references are to the Penal Code.

[2]     Defendant mailed the petition to the superior court in February 2019 and September 2019, but it was deemed filed on May 7, 2020.

the hearing, when asked whether defendant was the actual killer, counsel responded, "I believe that the People's motion is well taken, and that's the reason why I am submitting." The court took the matter under submission and denied the petition, stating that based on its review of the record of conviction and briefs, it concluded, among other things, that defendant was convicted of murder as the "actual killer." On February 19, 2021, defendant filed his notice of appeal.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief in which counsel did not identify any arguable issues and requested that we follow the procedure set forth in *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*). On June 1, 2021, we notified defendant that appointed appellate counsel had failed to find any arguable issues and he had 30 days within which to independently brief any grounds for appeal, contentions, or arguments he wanted us to consider. Defendant filed a supplemental brief on June 11, 2021. Defendant noted that in his original petition, he declared under penalty of perjury that he was not the actual killer and "stands by this claim." Defendant requested that we order further briefing on appeal.

We are satisfied that defendant's appointed appellate counsel has fully complied with his responsibilities and no arguable issues exist. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039–1040, review granted Oct. 14, 2020, S264278; *Serrano, supra*, 211 Cal.App.4th at p. 503; *People v. Wende* (1979) 25 Cal.3d 436, 441.) The record of conviction demonstrates that defendant was the actual killer and thus failed to make a prima facie showing that he was eligible for relief. (See *People v. Lewis* (2021) 11 Cal.5th 952, 972–973; § 1170.95, subd. (c).)

# DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

                                        KIM, J.

We concur:



        BAKER, Acting P. J.



        MOOR, J.